Filed 10/25/21  Olson v. Hornbrook Community Services District CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| KIMBERLY R. OLSON, | C091885 |
| Plaintiff and Appellant, | (Super. Ct. No. SCCVPT17579) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| HORNBROOK COMMUNITY SERVICES DISTRICT et al., | [NO CHANGE IN JUDGMENT] |
| Defendants and Respondents. | |

THE COURT:

It is ordered that the opinion filed herein on October 1, 2021, be modified as follows:

1.      On page 6, delete the first, second (including the footnote) and third paragraphs (the third paragraph flows onto page 7) beginning "We conclude plaintiff's contention" and insert the following paragraph in place of the three paragraphs:  Whether the trial court had jurisdiction to strike or otherwise disregard the first amended complaint is irrelevant because plaintiff cannot show prejudice.  Indeed, as the trial court

1

found, the first amended complaint does not state a cause of action other than that found stated in the complaint.

2.    On page 7, delete the first two sentences of the first full paragraph, beginning "While that would be sufficient" and replace them with the following sentences:  The claim plaintiff added to the first amended complaint was under the False Claims Act.  In that regard, we agree with plaintiff that *Hamby* is distinguishable.

3.    On page 8, at the end of the first paragraph after the sentence ending "on defendant's demurrer," add the following footnote:  Plaintiff's contention the trial court dismissed the amended complaint without notice to her misapprehends the procedural posture of the legal proceedings.  The trial court precluded plaintiff from filing an amended complaint and informed plaintiff of how to remedy the deficiencies the court pointed out in the amended complaint.  The court then gave plaintiff ample opportunity to remedy the deficiencies in the proposed amended complaint so that it stated causes of action and complied with the local rules as it pertained to filing fees.  Despite this notice, plaintiff did not attempt to remedy the deficiencies the court identified in the amended complaint.  Thus, plaintiff's citation to *Reid v. Balter* (1993) 14 Cal.App.4th 1186, is misplaced because unlike the plaintiff in that case, plaintiff was provided with notice and an opportunity to remedy purported deficiencies before the trial court dismissed plaintiff's action.

4.    On page 8, delete the third and fourth sentences of the first full paragraph, beginning with "Again, because the court."

5.    On page 13, delete the second sentence of the first full paragraph, beginning "But, as we addressed," and replace it with the following sentence:  But, as we addressed *ante*, plaintiff cannot show she was prejudiced by the court's action because the amended complaint failed to state a claim for relief.

There is no change in the judgment.  The petition for rehearing is denied.

2

BY THE COURT:


 /s/
Blease, Acting P. J.


 /s/
Robie, J.


 /s/
Duarte, J.

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| KIMBERLY R. OLSON, | C091885 |
| Plaintiff and Appellant, | (Super. Ct. No. SCCVPT17579) |
| v. | |
| HORNBROOK COMMUNITY SERVICES DISTRICT et al., | |
| Defendants and Respondents. | |

Plaintiff Kimberly R. Olson filed a complaint for declaratory relief and a petition for writ of mandamus against the Hornbrook Community Services District (District) and its employee Clint Dingman (collectively defendants) alleging a variety of claims (complaint).  Defendants demurred and plaintiff thereafter filed an amended complaint without court permission alleging an additional cause of action, along with those previously asserted in the complaint (amended complaint).  The trial court disregarded the amended complaint and sustained defendant's demurrer on the complaint as to several

causes of action. Ignoring the trial court's ruling regarding the amended complaint, plaintiff sought a default judgment against defendants on the amended complaint, which the trial court denied.

On appeal, plaintiff challenges the trial court's reasons for disregarding the amended complaint, as well as its refusal to enter a default judgment against defendants on the amended complaint. Plaintiff also challenges the trial court's order sustaining defendants' demurrer to the complaint and its jurisdiction to enter judgment on the complaint. We disagree with plaintiff's contentions and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued defendants alleging several violations of the Ralph M. Brown Act[1] (Brown Act), as well as nuisance and waste of public funds. As to the Brown Act, plaintiff alleged she "and other members of the public objected to the [District's] consent calendar on the basis that there was no description of each item of business to be considered and approved by the Board." As support, plaintiff attached the District's agenda showing that, during the consent calendar portion of the meeting, the Board would approve minutes from the prior meeting, "approve bills and authorize signatures on Warrant Authorization Form for District expenses received through March 28, 2017," and approve the filing of a report.

Plaintiff also alleged the District violated the Brown Act by providing an inadequate description pertaining to the "requirement and appropriate procedure for amendment of District bylaws." It was inadequate, the allegation continued, because "the description given did not include the information that the Board, and the District Manager were actually seeking to change certain sections of the [District's] Bylaws without voter approval, when those sections provide that voter approval must be obtained to make any

---

[1] Government Code section 54950 et seq.

2

changes thereto." Next, plaintiff alleged the District violated the Brown Act by holding a closed session with legal counsel to discuss two litigation cases when the legal counsel in question was never appointed or retained at a noticed public hearing. Finally, plaintiff alleged one of the litigation cases considered during closed session improperly listed the case number on the agenda.

As to the waste of public funds cause of action, plaintiff alleged Dingman and board members of the District conspired so that Dingman could file timesheets that did not accurately reflect the time he worked for the District.[2]

Defendants filed a demurrer arguing plaintiff did not state facts sufficient to constitute a cause of action. Plaintiff thereafter filed the amended complaint alleging an additional cause of action that Dingman violated the False Claims Act[3] based on his filing of false time cards.

The trial court "bounced back" plaintiff's first amended complaint because the fee waiver request accompanying the complaint was on an outdated form and the fax-filing fee had not been paid. The court also noted that while plaintiff requested the complaint be processed as a confidential False Claims Act proceeding, the court would not do so because the proceeding was not "initiated" as a False Claim Act proceeding and instead alleged "violation of the Brown Act, for mandamus, declaratory relief, nuisance and Waste of Taxpayer funds." Further, the court found the amended complaint failed to state a claim under the False Claims Act because the False Claims Act could not be utilized against government employees. (Citing *State of California ex rel. Dockstader v.*

---

[2]    Plaintiff does not mount arguments on appeal alleging the trial court erred in sustaining the demurrer as to her nuisance cause of action, thus we will not relate the facts underlying that allegation.

[3]    Government Code section 12560 et seq.

3

*Hamby* (2008) 162 Cal.App.4th 480.) As to defendant's demurrer, the court sustained it without leave to amend in substantial part, leaving viable only plaintiff's nuisance claim.

Plaintiff thereafter filed a proper fee waiver form, but the court continued to reject the amended complaint for the reasons it had previously stated. Eventually, plaintiff filed a request for entry of default judgment on the amended complaint because, in her view, defendants had failed to answer. The court denied plaintiff's request. Defendants then filed a motion for entry of judgment after plaintiff failed to file and serve an amended complaint within the parameters of the trial court's order sustaining the demurrer on the complaint. Plaintiff opposed the motion arguing she had filed an amended complaint and the court had erred in sustaining the demurrer as to the complaint. During this process, plaintiff again sought entry of a default judgment against defendants on the amended complaint. The court again refused to enter default. The court ultimately granted defendants' motion for entry of judgment.

Plaintiff appeals, representing herself.

DISCUSSION

Plaintiff's contentions can to be divided into two categories -- those pertaining to dismissal of the complaint and those pertaining to the court's refusal to enter a default judgment against defendants on the amended complaint. Plaintiff addresses many facets of these contentions in a haphazard and scattered fashion, compelling us to summarize basic principles of appellate review.

" ' "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." ' " (*People v. Leonard* (2014) 228 Cal.App.4th 465, 478, quoting *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) "To demonstrate

4

error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  [Citations.]  When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'  [Citations.]  Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)  Additionally, an appellant has the burden of demonstrating both error and resulting prejudice.  (See, e.g., *People v. Coley* (1997) 52 Cal.App.4th 964, 972; see also Cal. Const., art. VI, § 13 ["No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].)

With these principles in mind, we address plaintiff's appellate contentions starting with those pertaining to the amended complaint.

I

*Plaintiff Was Not Harmed By The Trial Court's*

*Failure To Consider The Amended Complaint*

In her first argument heading, plaintiff contends the trial court lacked jurisdiction to strike the amended complaint because it revoked her long-approved fee waiver sua sponte and required she pay a fax-filing fee.  In the body of this argument, plaintiff elaborates that the trial court lacked jurisdiction to strike or otherwise dismiss the amended complaint without a motion from defendants or notice to her.  She also takes issue with the court's remaining reason for disregarding the amended complaint -- that it was improper for her to amend the complaint with an allegation Dingman violated the False Claims Act without first alleging it in the complaint.

5

We conclude plaintiff's contention the trial court lacked jurisdiction to strike or dismiss the amended complaint on its own motion is without merit. Plaintiff filed the amended complaint after defendants had filed a demurrer. Given the timing of this filing, plaintiff was required to seek leave of court to file the amended complaint. (Code Civ. Proc., § 472, subd. (a).) Thus, the court had jurisdiction to disregard the amended complaint or grant leave for plaintiff to file the amended complaint.[4]

Even so, plaintiff argues the reasons cited by the court for disregarding the amended complaint were erroneous. Plaintiff, however, cannot demonstrate she was prejudiced by the court's failure to grant her leave to file the amended complaint. (*People v. Coley*, *supra*, 52 Cal.App.4th at p. 972.) Indeed, the court disregarded the amended complaint for plaintiff's failure to file the proper fee waiver form, but it permitted plaintiff an opportunity to remedy the problem. Plaintiff took advantage of that opportunity and remedied the issue by filing the proper fee waiver form, and the amended complaint was thereafter rejected for filing on other bases.

Plaintiff has failed to mount an appellate argument demonstrating the court erred by requiring she file a fax-filing fee before granting leave to file the amended complaint. Other than eluding to the issue in her first heading and then again in the context of the trial court's lack of statutory authority or jurisdiction, plaintiff's brief does not contain a

---

[4]     Plaintiff's contention the trial court dismissed the amended complaint without notice to her misapprehends the procedural posture of the legal proceedings. The trial court precluded plaintiff from filing an amended complaint and informed plaintiff of how to remedy the deficiencies the court saw in the amended complaint. The court then gave plaintiff ample opportunity to remedy the deficiencies in the proposed amended complaint so that it stated causes of action and complied with the local rules as it pertained to filing fees. Despite this notice, plaintiff did not attempt to remedy the deficiencies the court identified in the amended complaint. Thus, plaintiff's citation to *Reid v. Balter* (1993) 14 Cal.App.4th 1186 is misplaced because unlike the plaintiff in that case, plaintiff was provided with notice and an opportunity to remedy purported deficiencies before the trial court dismissed plaintiff's action.

6

citation to authority or argument explaining why the court erred in requiring a fax-filing fee before the amended complaint could be filed and considered by the court. Because plaintiff has failed to mount an argument that the court erred on this basis, the argument is forfeited, and plaintiff has failed to demonstrate reversible error. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408; see, e.g., *People v. Coley*, *supra*, 52 Cal.App.4th at p. 972.)

While that would be sufficient to affirm the court's striking of plaintiff's amended complaint, we note the trial court was also correct that the amended complaint failed to state a cause of action under the False Claims Act; albeit, for a different reason than that relied upon by the court and defendants. We agree with plaintiff that *Hamby* is distinguishable. (*State of California ex rel. Dockstader v. Hamby*, *supra*, 162 Cal.App.4th at p. 480.) In *Hamby*, employees of a public school district were sued for submitting false claims to the State of California based solely on their status and conduct as public school district employees. (*Id.* at pp. 483-484.) Extending our Supreme Court's holding that a "person" subject to liability under the False Claims Act did not include a government agency (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164), Division Three of the Fourth District Court of Appeal held that "person" also did not include a government employee who acted within the scope of the employee's employment and the government agency had a duty to indemnify the employee (*Hamby*, at pp. 486-488, 491). Here, however, plaintiff did not allege Dingman was working within the scope of his employment when committing the conduct giving rise to the false claim (i.e., submitting timesheets for time not worked) and plaintiff sued him in his individual capacity, making plaintiff's case different from *Hamby*.

Regardless, plaintiff's claim lacks merit because the definition of "claim" as used in the False Claims Act "does not include requests or demands for money, property, or services that the state or a political subdivision has paid to an individual as compensation for employment with the state or political subdivision or as an income subsidy with no restrictions on that individual's use of the money, property, or services." (Gov. Code,

7

§ 12650, subd. (b)(2).) Indeed, the False Claim Act, "like its federal counterpart . . . , was created to address the problem of *companies or contractors* who defraud state and local governments of public funds by making false claims for payment or reimbursement for their services." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1196 (2009-2010 Reg. Sess.) as amended Apr. 15, 2009, italics added.) The False Claims Act was not created to address the conduct of government employees, and it explicitly provides that claims made by those employees "as compensation for employment" are not included in the prohibited conduct governed by the False Claims Act. (Gov. Code, § 12650, subd. (b)(2).) Accordingly, plaintiff did not state a claim under the False Claims Act. Because plaintiff cannot demonstrate the amended complaint contained a viable claim for relief apart from those contained in the complaint, she has not demonstrated prejudice resulting from the trial court's failure to grant her leave to file the amended complaint before ruling on defendants' demurrer.

Plaintiff also contends the trial court was required to enter a default judgment against defendants on the amended complaint because she filed it, and defendants failed to answer it. Not so. Again, because the court never granted plaintiff leave to file the amended complaint, the amended complaint was never filed. Thus, plaintiff could not obtain a default judgment against defendants. Further, plaintiff cannot demonstrate prejudice. As has been explained *ante*, and will be elaborated on *post*, plaintiff has not demonstrated the trial court erred by finding she failed to state a claim for relief in her pleadings. In whole, the trial court found plaintiff failed to state a claim for relief in the complaint and that the additional cause of action alleged in the amended complaint also failed to state a claim for relief. Because plaintiff cannot demonstrate error in those rulings, she cannot demonstrate that there was a cause of action in the amended complaint for which the court could enter judgment. (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1015; *Taliaferro v. Davis* (1963) 216 Cal.App.2d 398, 408-414 [the

trial court may not enter a default judgment when the complaint's allegations do not state a cause of action].)

II

*Plaintiff Has Not Demonstrated The Trial Court*

*Erred By Sustaining Defendant's Demurrer*

Plaintiff contends the trial court erred by sustaining defendants' demurrer, and also that the court lacked jurisdiction to dismiss the complaint. While she appears to assert the complaint stated a claim as to each cause of action she alleged, plaintiff fails to develop an appellate argument in that regard, except as to her cause of action under the Brown Act. Thus, we will not address whether the trial court properly sustained defendant's demurrer as to plaintiff's causes of action for nuisance and waste of public funds. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

As to the Brown Act cause of action, plaintiff alleged four theories in the complaint alleging the District violated the Brown Act. First, plaintiff alleged the District violated the Brown Act by failing to list every action to be taken by approval of the consent agenda; second, by failing to notify the public of the reason for amending the District's bylaws; third, by holding a closed session with retained counsel, when the contract to retain counsel was never approved at a noticed public meeting; and fourth, by improperly listing the case number associated with a litigation case considered during closed session. Plaintiff argues the trial court erred because it relied on its own weighing of the facts to find plaintiff's theories lacked merit. We disagree.

We review the trial court's ruling on a demurrer de novo. (*Lee v. Hanley* (2014) 227 Cal.App.4th 1295, 1300.) Thus, the court's weighing of the facts is irrelevant to our inquiry. If the demurrer can be sustained on any ground raised, we must affirm. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) If the court sustains a demurrer without leave to amend and plaintiff seeks leave to amend, plaintiff must demonstrate how the complaint could be amended to state a valid cause of action. (*Ibid.*)

9

"The [Brown] Act is intended to ensure that the deliberations and actions of the governing bodies of local agencies are open and public and that provision is made for meaningful public access to their decisionmaking. ([Gov. Code,] § 54950.) To that end, the [Brown] Act requires the meetings of such bodies to be open to the public, held on a regular schedule, and conducted in accordance with an agenda available in advance of the meeting. ([Gov. Code,] §§ 54953, 54954, 54954.2.)" (*Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502, 514.) "The agenda must contain 'a brief general description of each item of business to be transacted or discussed at the meeting, including items to be discussed in closed session. A brief general description of an item generally need not exceed 20 words.' ([Gov. Code,] § 54954.2, subd. (a)(1).) Importantly, with limited exceptions, '[n]o action or discussion shall be undertaken on any item not appearing on the posted agenda.' (*Id*., subd. (a)(2)(E), (3).)" (*Ibid*.) To fulfill the Brown Act's objective, "agenda drafters must give the public a fair chance to participate in matters of particular or general concern by providing the public with more than mere clues from which they must then guess or surmise the essential nature of the business to be considered by a local agency." (*San Diegans for Open Government v. City of Oceanside* (2016) 4 Cal.App.5th 637, 643.)

Applying these principles to the allegations in plaintiff's complaint, she cannot demonstrate the trial court erred. As to the consent agenda, plaintiff's allegation boils down to one we have seen before; that is, the District failed to notify the public of each bill it would pay that month and disclosed only that it was paying the District's monthly bills. We rejected this claim in *Olson v. Hornbrook Community Services Dist.*, *supra*, 33 Cal.App.5th at pages 520-521, in pertinent part: "[Plaintiff] argues the description, 'Approve bills and authorize signatures on Warrant Authorization Form for District expenses received through January 24, 2017,' does not substantially comply with the Act because it does not list the individual items to be discussed and acted upon. We disagree because the description leaves no confusion as to the essential nature of the District's

action, which was to approve bills and authorize signatures for all expenses of the District received through January 24, 2017. The January 2017 agenda indicated the District's expenses would be approved in a single action; those interested in the District's expenses would know from the agenda description that they needed to attend the meeting to participate in that discussion and action. Accordingly, [plaintiff] has not stated a cause of action under [the Brown Act]."

Plaintiff's second theory in support of the Brown Act cause of action -- that the District failed to notify the public of the reason the Board sought to amend the District's bylaws -- also lacks merit. The Brown Act extends no obligation to inform the public of the motivations behind government actions. The Brown Act compels notification of the action to be transacted or discussed, so that the public will have a meaningful opportunity to participate in the decisionmaking process. (*San Diegans for Open Government v. City of Oceanside*, *supra*, 4 Cal.App.5th at p. 643.) Here, the agenda notified the public the Board would be discussing amendments to the District bylaws. All those interested would know they needed to attend the meeting at which that item was being discussed to find out the motivations behind the Board's decisionmaking process. Thus, no Brown Act violation occurred.

Plaintiff's third theory alleged the District violated the Brown Act by holding a closed session with an attorney the District never retained during a noticed and public hearing. We do not see a Brown Act violation here. Plaintiff identifies the unlawful action as the closed session item, but alleges the lack of notice pertained to the attorney representing the District and not as to the substance of the closed session item. Plaintiff does not allege facts denying her adequate notice of the action to be discussed, thus she has failed to state a claim under the Brown Act. (*San Diegans for Open Government v. City of Oceanside*, *supra*, 4 Cal.App.5th at p. 643.)

Finally, plaintiff alleged the District violated the Brown Act by improperly listing the case number associated with a litigation case considered during closed session. We

11

are again reminded of *Olson v. Hornbrook Community Services Dist.*, *supra*, 33 Cal.App.5th at pages 519-520: " '[S]o long as notice of the essential nature of the matter an agency will consider has been disclosed in the agency's agenda, technical errors or immaterial omissions will not prevent an agency from acting. In *Castaic*[ *Lake Water Agency v. Newhall County Water Dist.*], *supra*, 238 Cal.App.4th at pages 1206-1207, a water agency published an agenda which stated that its board of directors would conduct a conference with its legal counsel, in closed session, and 'discuss potential litigation.' The agenda erroneously cited [Government Code] section 54956.9, subdivision (c), which defines 'litigation' as including any adjudicatory proceeding; the agenda should have cited [Government Code] section 54956.9, subdivision (d)(4), which, in particular, permits closed sessions when an agency is 'deciding whether to initiate litigation.' In finding that the agency's discussion of and decision to initiate litigation was valid and that it had substantially complied with the Ralph M. Brown Act, the court stated: "[Plaintiff's] argument is hypertechnical and elevates form over substance. The given notice plainly advised the members of the public that on March 14, 2013, [the board] would be meeting with its legal counsel, in closed session, to discuss potential litigation in two cases. The citation in the given notice to subdivision (c) instead of subdivision (d)(4) of [Government Code] section 54956.9 could not possibly have misled or confused anyone." ' "

Similarly here, plaintiff does not allege she was confused by the description contained in the agenda or that the case name associated with the inaccurate case number was not the case actually considered by the District during the closed session. To conclude plaintiff has stated a claim with such allegations would elevate form over substance and extend the Brown Act beyond its stated purpose of requiring "a brief general description of each item of business to be transacted or discussed at the meeting . . . ." (Gov. Code, § 54954.2, subd. (a)(1).)

12

Even so, plaintiff contends the trial court erred by dismissing the entire case on the basis she failed to amend the complaint because she had filed the amended complaint and was seeking default judgment on it. But, as we addressed *ante*, the trial court had authority to disregard the amended complaint and plaintiff cannot show she was prejudiced by the court's action because the additional cause of action alleged in the amended complaint failed to state a claim for relief. Accordingly, plaintiff's challenge to the trial court's dismissal of her case lacks merit.

DISPOSITION[5]

The judgment is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


/s/\
Robie, J.

We concur:


/s/\
Blease, Acting P. J.


/s/\
Duarte, J.

---

[5]  Plaintiff's request for judicial notice is denied as irrelevant. Plaintiff requests judicial notice of legislative history materials related to a 2020 amendment to a statute pertaining to court filing fees. Because plaintiff failed to advance an argument related to fax-filing fees and generally failed to show she was prejudiced by the court's denial of her request for leave to amend the complaint, this material is irrelevant to our consideration of plaintiff's appellate contentions.

13